## CIRCUIT COURT OF AMHERST COUNTY

Joseph Barraci

v.

Sam E. Davis,
t/a Sam E. Davis
Construction Co.

v.

Mays Heating & Air, Inc.,
and Melvin Campbell,
t/a Designer Floors

July 7, 1998

Case No. CL 4781

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to render the opinion of the Court in the above matter.

Judgment is granted in favor of the plaintiff against Sam E. Davis, t/a Sam E. Davis Construction Company, for the sum of $3,864.00 because the heating system was not selected and installed in a reasonably good and workmanlike manner and was not reasonably fit for its intended purpose. Likewise, Sam E. Davis, t/a Sam E. Davis Construction Company, is granted judgment against Mays Heating and Air, Inc., in the amount of $3,864.00 for the failure to select and install the heating system in a reasonably good and workmanlike manner which was reasonably fit for its intended purpose.

The Court does not grant judgment for any defective workmanship or fitness for intended purpose for the defects in the flooring. The Court finds that Sam E. Davis, t/a Sam E. Davis Construction Company, has established its affirmative defense that the plaintiff failed to reasonably mitigate his damage for the failure to finish the flooring in a good and workmanlike manner.

A person undertaking a particular work "impliedly agrees to exercise a degree of skill equal to the undertaking." *Mann v. Clowser*, 190 Va. 887, 901, 59 S.E.2d 78 (1950). Further, "In building and construction contracts, it is implied that the building shall be erected in a reasonably good and workmanlike manner and, when completed, shall be reasonably fit for the intended purpose." *Mann*, 190 Va. at 901. See also *Hall v. MacLeod*, 191 Va. 665, 673, 62 S.E.2d 42 (1950). The plaintiff's evidence in the instant case, establishes by a preponderance of the evidence that the heating system installed by the general contractor, Davis, through its subcontractor, Mays, failed to function correctly. At various times during cold weather it did not adequately heat various portions of the home, and, at times, the heat varied from zone to zone. Additionally, the pipes which transported the hot water for the system were unreasonably noisy at various times. The testimony of the plaintiff's expert, Keith Jackson, a heating and cooling mechanic, was highly credible. Based on the testimony of the plaintiff and Mr. Jackson, the Court finds that the heating system was not installed in a good and workmanlike manner and did not function in a manner that was reasonably fit for its intended purpose.

Just as Davis, the general contractor, owed a duty to the plaintiff, Mays, the subcontractor, owed the same duty to Davis. Thus, judgment is granted on the third-party motion for judgment against Mays for the same amount of damages.

The plaintiff also asserted a claim for defective finish on the flooring. Plaintiff maintained that the finish began to wear off at certain high traveled places. The evidence did establish that the finish should have functioned correctly for six to eight years. It also established that the finish began to wear within the first year after the home was completed. Nonetheless, the defendant has raised the defense that the plaintiff did not mitigate his damages. This affirmative defense was established by the evidence.

The evidence established that David Bryant, the person who repaired the finish for $1,900.00, also worked for the subcontractor who initially placed the defective finish on the floor. When the plaintiff contacted David Bryant, the former employee of the subcontractor, Mr. Bryant offered to repair the defective work free of charge. Mr. Barraci, the plaintiff, declined this offer.

Obviously, had Mr. Bryant repaired the defective work without any charge, the bill for $1,900.00 to repair the floors would have been avoided.

Virginia requires a party claiming damages for breach of contract to use ordinary care to mitigate damages resulting from the breach. *Fox-Sadler v. Norris Roofing Co.*, 229 Va. 106, 111, 327 S.E.2d 95 (1985). Further, mitigation of damages is an affirmative defense upon which the party breaking the contract has the burden of proof. *Foreman v. E. Caligari & Co.*, 204 Va. 284, 290, 130 S.E.2d 447 (1963). In the case at bar, the defendant, Sam E. Davis, established by a preponderance of the evidence that Mr. Bryant offered to perform the repair to the finish on the floor free of charge. This was declined by the plaintiff who insisted that Bryant charge for this work. The plaintiff cannot pass a cost to the defendant which he could have avoided. Accordingly, the claim for the repair to the finish of the floor is denied, and the third-party action against Melvin Campbell, t/a Designer Floors, is dismissed.